IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMBER A.,[1]                                6:19-cv-01110-BR

        Plaintiff,                          OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.


**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

        Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

        [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**SARAH ELIZABETH MOUM**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2936

        Attorneys for Defendant

**BROWN, Senior Judge.**

    Plaintiff Amber A. seeks judicial review of the final
decision of the Commissioner of the Social Security
Administration (SSA) in which the Commissioner denied
Plaintiff's applications for Disability Insurance Benefits (DIB)
under Title II of the Social Security Act and Supplemental
Security Income (SSI) under Title XVI of the Social Security
Act.  This Court has jurisdiction to review the Commissioner's
final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision
of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

    On March 12, 2015, Plaintiff protectively filed her

2 - OPINION AND ORDER

applications for DIB and SSI benefits.  Tr. 17, 236, 238, 245.[2]
Plaintiff alleges a disability onset date of February 1, 2010.
Tr. 17, 236, 238 245.  Plaintiff's application was denied
initially and on reconsideration.  An Administrative Law Judge
(ALJ) held a hearing on January 19, 2018.  Tr. 43-70.  Plaintiff
and a vocational expert (VE) testified at the hearing.
Plaintiff was represented by an attorney at the hearing.

On July 16, 2018, the ALJ issued an opinion in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 17-36.  Plaintiff requested review by the
Appeals Council.  On May 20, 2019, the Appeals Council denied
Plaintiff's request to review the ALJ's decision, and the ALJ's
decision became the final decision of the Commissioner.
Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On July 18, 2019, Plaintiff filed a Complaint in this Court
seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on February 15, 1989.  Tr. 34, 236, 238,

---

[2] Citations to the official Transcript of Record (#12)
filed by the Commissioner on February 21, 2020, are referred to
as "Tr."

245.  Plaintiff was 20 years old on her alleged disability onset
date of February 1, 2010.  Tr. 34.  Plaintiff has a high-school
education and some college.  Tr. 34, 48.  Plaintiff has past
relevant work experience as a cashier/checker.  Tr. 34.

    Plaintiff alleges disability due to Crohn's Disease,
obesity, depression, bipolar, chronic migraines, back pain,
chronic fatigue, and anxiety disorder.  Tr. 46-47, 96.

    Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 22-34.


## STANDARDS

    The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."  42
U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when
there is ambiguous evidence or when the record is inadequate to

allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the

Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R.

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*,
648 F.3d at 724.  The criteria for the listed impairments, known
as Listings, are enumerated in 20 C.F.R. part 404, subpart P,
appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule." SSR 96-8p,
at *1.  In other words, the Social Security Act does not require
complete incapacity to be disabled.  *Taylor v. Comm'r of Soc.
Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair
v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv),
416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in

7 - OPINION AND ORDER

the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here

the burden shifts to the Commissioner to show a significant

number of jobs exist in the national economy that the claimant

can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d

1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this

burden through the testimony of a VE or by reference to the

Medical-Vocational Guidelines (or the grids) set forth in the

regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If

the Commissioner meets this burden, the claimant is not

disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in

substantial gainful activity since July 17, 2013.[3]  Tr. 20.

At Step Two the ALJ found Plaintiff has the severe

impairments of degenerative disc disease, sacroiliitis, chronic

pain syndrome, obesity, knee osteoarthritis, intercostal

nenralgia (*sic*), myofascial pain syndrome, Crohn's Disease,

---

[3] The ALJ indicated this date was Plaintiff's alleged
disability onset date, but the record shows February 1, 2010, as
Plaintiff's alleged disability onset date.

irritable bowel disease, bipolar disorder, attention-deficit
disorder, migraine headaches, social-anxiety disorder, and
chronic fatigue.  Tr. 20.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1.  Tr. 20.  The ALJ found Plaintiff has the RFC to
perform sedentary work with the following limitations:  cannot
climb ladders, ropes, or scaffolds; cannot crawl; can
occasionally balance, stoop, kneel, and crouch; should avoid
concentrated exposure to hazards; must have access to a restroom
in her workplace and be permitted to take a break for at least
ten minutes every two hours; cannot have interaction with the
public; can have occasional superficial contact with coworkers
and occasional interaction with supervisors; and is limited to
simple routine and repetitive tasks consistent with unskilled
work.  Tr. 21-22.

At Step Four the ALJ concluded Plaintiff is unable to
perform her past relevant work.  Tr. 34.

At Step Five the ALJ found Plaintiff can perform other jobs
that exist in the national economy such as addresser, cutter-
paster, and document-preparer.  Tr. 35.  Accordingly, the ALJ

found Plaintiff is not disabled.  Tr. 35-36.

## DISCUSSION

### The ALJ did not err when he discounted the opinion of Plaintiff's mental-health treatment provider.

Plaintiff contends the ALJ erred when he discounted the opinion of Lindsay Crowner, QMHP, Plaintiff's treating mental-health therapist.  QMHP Crowner's opinion was co-signed by Grant Godbey, M.D., Plaintiff's treating physician.

## I.  Standards

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*  When contradicted, a treating or examining physician's opinion is still owed

deference and will often be "entitled to the greatest
weight . . . even if it does not meet the test for controlling
weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An
ALJ can satisfy the "substantial evidence" requirement by
"setting out a detailed and thorough summary of the facts and
conflicting clinical evidence, stating his interpretation
thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The
ALJ must do more than state conclusions.  He must set forth his
own interpretations and explain why they, rather than the
doctors', are correct." *Id.* (citation omitted).

Medical sources are divided into two categories:
"acceptable medical sources" and "other sources."  20 C.F.R.
§ 416.913.  Acceptable medical sources include licensed
physicians and psychologists.  20 C.F.R. § 416.913(a).  Medical
sources classified as "other sources" include, but are not
limited to, nurse practitioners, therapists, licensed clinical
social workers, and chiropractors.  20 C.F.R. § 416.913(d).

With respect to "other sources," the Social Security
Administration Regulations provide:

> With the growth of managed health care in recent years
> and the emphasis on containing medical costs, medical
> sources who are not acceptable medical sources, such
> as nurse practitioners, physician assistants, and
> licensed clinical social workers, have increasingly
> assumed a greater percentage of the treatment and

> evaluation functions previously handled primarily by
> physicians and psychologists.  Opinions from these
> medical sources, who are not technically deemed
> acceptable medical sources under our rules, are
> important and should be evaluated on key issues such
> as impairment severity and functional effects, along
> with the other relevant evidence in the file.

SSR 06-03p, at *3.  Factors the ALJ should consider when

determining the weight to give an opinion from those "important"

sources include the length of time the source has known the

claimant, the number of times and frequency that the source has

seen the claimant, the consistency of the source's opinion with

other evidence in the record, the relevance of the source's

opinion, the quality of the source's explanation of his opinion,

and the source's training and expertise.  SSR 06-03p, at *4.  On

the basis of the particular facts and the above factors, the ALJ

may assign an "other source" either greater or lesser weight

than that of an acceptable medical source.  SSR 06-03p, at *5-6.

The ALJ, however, must explain the weight assigned to such

sources so that a claimant or subsequent reviewer may follow the

ALJ's reasoning.  SSR 06-03p, at *6.  "The ALJ may discount

testimony from . . . 'other sources' if the ALJ 'gives reasons

germane to each witness for doing so.'"  *Molina*, 674 F.3d at

1111 (quoting *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217,

1224 (9th Cir. 2010)).


12 - OPINION AND ORDER

Inasmuch as QMHP Crowner's assessment was co-signed by
Dr. Godbey, Plaintiff contends the ALJ must provide specific and
legitimate reasons supported by substantial evidence in the
record for rejecting QMHP Crowner's opinion rather than the mere
"germane-reasons standard" usually applied to "other" medical
sources.  The Commissioner concedes the germane-reasons standard
does not apply.

## II.  Analysis

On January 9, 2018, QMHP Crowner completed a Treating
Source Statement regarding Plaintiff's limitations.  Tr. 2125-
29.  QMHP Crowner diagnosed Plaintiff with generalized anxiety
disorder, persistent depressive disorder, and autism spectrum
disorder.  Tr. 2125.  QMHP Crowner concluded Plaintiff has
marked limitations in her ability to maintain attention and
concentration for extended periods; to perform activities within
a schedule; to maintain regular attendance; to be punctual; to
work in coordination with or be in proximity to others without
being distracted by them; to complete a normal workday and
workweek without interruptions from psychologically-based
symptoms; to perform at a consistent pace without an
unreasonable number and length of rest periods; to interact
appropriately with the general public; to accept instructions

13 - OPINION AND ORDER

and to respond appropriately to criticism from supervisors; to
get along with coworkers or peers; and to respond appropriately
to changes in the work setting.  Tr. 2128.  He also found
Plaintiff has moderate limitations in her ability to sustain an
ordinary routine without special supervision; to maintain
socially appropriate behavior; and to adhere to basic standards
of neatness and cleanliness.  Tr. 2128.  QMHP Crowner opined
Plaintiff would need unexpected breaks and would miss work for
16 hours or more per month because of her symptoms or the side-
effects of her medications.  Tr. 2129.

        The ALJ gave "partial weight" to QMHP Crowner's
assessment that Plaintiff had marked limitations in social
interactions and moderate limitations in concentration,
persistence, and pace, and he included these limitations in his
assessment of Plaintiff's RFC.  Tr. 33-34.  The ALJ, however,
disregarded the other limitations identified by QMHP Crowner,
including the need for extra breaks and absences from work, on
the ground that there was not any objective support for such
limitations.  The ALJ also found QMHP Crowner's conclusions were
based primarily on Plaintiff's "self-reported" symptoms and
limitations, which the ALJ found were not consistent with the
objective evidence in the record that reflected Plaintiff

14 - OPINION AND ORDER

received conservative treatment and experienced periods of
stability and engaged in greater activity than Plaintiff
alleged.  Tr. 34.

Plaintiff, however, contends the ALJ erred when he gave
only partial weight to the opinion of QMHP Crowner because
QMHP Crowner did not rely solely on Plaintiff's subjective
complaints.  Plaintiff relies on *Buck v. Berryhill*, 869 F.3d
1040 (9th Cir. 2017), to support her position.  In *Buck* the
Ninth Circuit noted "the rule allowing an ALJ to reject opinions
based on self-reports does not apply in the same manner to
opinions regarding mental illness."  869 F.3d 1040, 1049 (9th
Cir. 2017).  The court stated the reason for this rule is

> [p]sychiatric evaluations may appear subjective,
> especially compared to evaluation in other medical
> fields.  Diagnoses will always depend in part on the
> patient's self-report, as well as on the clinician's
> observations of the patient.  But such is the nature
> of psychiatry.

*Id*.  The court held a psychologist's "partial reliance" on self-
reported symptoms was not a valid reason to reject the
psychologist's opinion when other evidence supported his
opinion.  869 F.3d at 1049.  A psychologist's opinion that is
"heavily based" on a claimant's self-reports, however, may be
disregarded.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir.
2014).  The Ninth Circuit has also held an ALJ may discount a

doctor's psychological assessment that relies primarily on a claimant's unreliable self-reports. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  Here the ALJ found Plaintiff's subjective symptom testimony was unreliable, and the Court notes Plaintiff has not challenged that finding.  Tr. 32-33.

An ALJ is not required to take medical opinions at face value but may consider the quality of the explanation when determining how much weight to give a medical opinion. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020).  The ALJ shall give more weight to the opinion of a medical source that is supported by relevant evidence.  20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).

The ALJ in this case did not reject QMHP Crowner's opinion solely on the ground that it relied on Plaintiff's self-reports. Tr. 32-34.  The ALJ noted there was not any objective support in the record to support Plaintiff's limitations and that QMHP Crowner did not cite to any clinical findings to support Plaintiff's limitations.  Tr. 34.  Although Plaintiff contends QMHP Crowner performed numerous objective tests on Plaintiff, QMHP Crowner did not point to any of those clinical findings as support for her opinion.

On this record the Court concludes the ALJ did not err when

16 - OPINION AND ORDER

he discounted QMHP Crowner's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 15th day of September, 2020.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge

17 - OPINION AND ORDER